UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-04-477-01 |
| | § | CIVIL ACTION  NO. H-07-3202 |
| CARLOS HERNANDEZ-HERNANDEZ, | § | |
| | § | |
| Defendant-Movant. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING THE GOVERNMENT'S MOTION TO DISMISS

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States' Response to 28 U.S.C. § 2255 Motion and Motion to Dismiss (duplicate Document Nos. 74 & 75), and Movant Carlos Hernandez-Hernandez's Motion to Vacate, Set Aside or Correct Sentence (Document No. 67).  Having considered Hernandez's § 2255 Motion, the United States' Response and Motion to Dismiss, the record of the proceedings in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss be GRANTED, that Hernandez's Motion to Vacate, Set Aside or Correct Sentence be DENIED, that this § 2255 proceeding be DISMISSED with prejudice.

## I.    Procedural History

Movant Carlos Hernandez-Hernandez ("Hernandez"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Hernandez's first motion pursuant to § 2255.

On December 29, 2004, a one-count superseding Indictment was filed charging Hernandez with being present in the United States and found in Houston, Texas, after having been deported following a conviction for an aggravated felony occurring on or about September 24, 2004.  (Document No. 17).  On February 4, 2005, Hernandez entered a plea of guilty to Count One of the superseding indictment, without the benefit of a plea agreement.  (Document No. 28).  Thereafter, following the preparation of a presentence investigation report, to which Hernandez filed objections (Document No. 35), Hernandez was sentenced to 71 months confinement, to be followed by a three year term of supervised release, and a $300 fine.  (Document No. 39).  Judgment was entered on August 5, 2005.  (Document No. 42).

Hernandez appealed to the Fifth Court of Appeals.  On September 30, 2006, the Fifth Circuit affirmed his conviction and sentence in an unpublished opinion.  (Document Nos. 61, 62).  Hernandez did not file a petition for writ of certiorari with the United States Supreme Court.  On or about October 1, 2007, Hernandez filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 67).  The Government, in response, filed a Motion to Dismiss and Motion to Expand the Record with Affidavits from both Hernandez' trial and appellate attorneys.  (Document No. 75).  The motion to expand the record was granted on April 24, 2008 (Document No. 76), and Hernandez was given 20 days from the date ordered to admit or deny correctness of the content of the affidavits.  To this date Hernandez has not responded to the Government's Motion to Dismiss or the contents of the affidavits.  This § 2255 proceeding is now ripe for ruling.

## II.    Claims

In his § 2255 Motion, Hernandez raises the following claims:

3

1.    that his appellate counsel was ineffective for failing to consult or inform Hernandez in regards to the issues to be raised on appeal; and

2.    that his appellate counsel was ineffective for failing to investigate and appeal the one-point enhancement Hernandez received for his criminal history category; a conviction for which Hernandez claims he had no assistance of counsel.

In response to Hernandez's ineffectiveness of appellate counsel claims, the Government argues that the performance of appellate counsel was not deficient, and that Hernandez suffered no prejudice as a result thereof.

## III.    Discussion – Ineffective Assistance of Appellate Counsel Claims

Hernandez sets forth two allegations related to the effectiveness of appellate counsel.   In its Response and Motion to Dismiss, the Government argues that Hernandez cannot show that his appellate counsel was deficient or that his appeal was prejudiced by counsel's performance. In support of the Motion to Dismiss, the Government offered the affidavit of Hernandez's appellate counsel, Michael Lance Herman, as well as the affidavit of trial counsel, Samy Kamal Khalil.  The Court expanded the record to include those affidavits and afforded Hernandez the opportunity to admit or deny the correctness of the affidavits.   The Government has also provided the Court with one exhibit, as support to disprove the grounds for Hernandez's claims. Hernandez, as part of his Motion to Vacate, Set Aside or Correct Sentence (Document No. 67), has submitted his own sworn statement and affidavit, along with various exhibits.   Hernandez has not filed a reply or objection to the Government's Response and Motion to Dismiss.

Claims of ineffective assistance of counsel are generally measured by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).   To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and

4

that the deficiency prejudiced him to the extent that a fair trial could not be had.  *Id*. at 687.

Deficiency is judged by an objective reasonableness standard, with great deference given to

counsel and a presumption that the disputed conduct is reasonable.  *Id*. at 687-689.   The

prejudice element requires a petitioner to "show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at

694.  A petitioner has the burden to prove both the deficiency and the prejudice prongs in order

to be entitled to relief.  *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel.

The determination whether counsel has rendered reasonably effective assistance turns on the

totality of facts in the entire record.  Each case is judged in the light of the number, nature, and

seriousness of the charges against a defendant, the strength of the case against him, and the

strength and complexity of his possible defense.  *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th

Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984).  The reasonableness of the challenged conduct is

determined by viewing the circumstances at the time of that conduct.  *Strickland*, 466 U.S. at

690-691.  Counsel will not be judged ineffective only by hindsight.

Generally, persons convicted of a crime are also entitled to effective assistance of

counsel on direct appeal.  *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985).

Claims of ineffective assistance of appellate counsel are assessed under the two part *Strickland*

deficiency and prejudice standard.  *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), cert. denied,

512 U.S. 1289 (1994).  With respect to *Strickland*'s deficiency prong, "[o]n appeal, effective

assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal

available." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174

(1999); *see also Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not

5

require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."), *cert. denied*, 493 U.S. 970 (1989).  Rather, "[a]ppellate counsel is obligated to only raise and brief those issues that are believed to have the best chance of success." *Rose v. Johnson*, 141 F.Supp.2d 661, 704-705  (S.D. Tex. 2001).  "It is not only reasonable but effective for counsel on appeal to winnow out weaker arguments and focus on a few key issues." *Mayo v. Lynaugh*, 882 F.2d 134, 139 (5th Cir. 1989), *modified on other grounds*, 893 F.2d 683 (5th Cir. 1990), *cert. denied*, 502 U.S. 898 (1991).  "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in *Smith v. Robbins*, 528 U.S. 259,  288 (2000)).

As for *Strickland*'s prejudice prong, in the context of an ineffective assistance of appellate counsel claim, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001).  When the claim of ineffective assistance of appellate counsel is based on counsel's failure to raise a claim or issue on appeal, prejudice is established if it is shown "that the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue" and "that the attorney's deficient performance led to a fundamentally  unfair and unreliable result." *Id.*  at 474-75.

### A.     Hernandez's First Claim – Failure to Consult or Inform on Issues Appealed

In his first claim regarding appellate counsel's effectiveness, Hernandez complains that appellate counsel failed to consult with or inform him about the issues to be raised on appeal.

6

According to Hernandez, appellate counsel failed to consult or discuss with him any of the advantages or disadvantages of the appeal, or investigate if Hernandez had any other issues he might have wanted counsel to raise.  Hernandez asserts:

> This in itself qualifies under the teachings of the Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000).  Under the teachings of Flores-Ortega, 528 U.S. at 470, the petitioner has a right to have his counsel discuss the appeal process and have the right to be appraised of what counsel is doing, so there will be no confusion like what has occurred here.  (Document No. 67).

Hernandez argues that had counsel discussed with Hernandez the issues he was appealing, Hernandez would have instructed counsel to appeal the one-point that increased his Criminal History Category.  Hernandez submits that because appellate counsel failed to investigate the one-point enhancement, which Hernandez argues was illegitimate, counsel's performance was unreasonable.

In response, the Government offers the affidavits of Hernandez's defense counsel, Assistant Federal Public Defender, Samy Kamal Khalil, and Hernandez's appellate counsel, Assistant Federal Public Defender, Michael Lance Herman, both of which show that Hernandez was consulted about his appeal, that the appeals process was explained to Hernandez, and he was asked to contact Herman with any questions regarding his appeal.  Herman further submits that Hernandez did not write to inform Herman of any special concerns.   Herman states in his affidavit:

> I was assigned the task of reviewing the appellate record and writing the appeal brief in United States v. Hernandez-Hernandez, 5th Cir. No. 05-20665.  I did review the record and presented the issue that I determined to be non-frivolous and of merit in the brief on appeal.
>
> On September 15, 2005, I wrote a letter to Mr. Hernandez-Hernandez explaining the appeal process generally and asking him to contact me with any questions.  I did not file the appellate brief until March 2006.  During that time period, Mr. Hernandez-Hernandez did not write to inform me that he had any special concerns about the appeal.  I did not

7

consult with Mr. Hernandez-Hernandez specifically regarding the issue to be presented on appeal and issues that I decided to present.  As the Fifth Circuit stated in Hooks v. Roberts, 480 F.2d 1196, 1197 (5th Cir. 1973), an appointed appellate attorney is not required to consult with the appellant-defendant concerning the specific issues to be presented on appeal.  Even if I had consulted with Mr. Hernandez-Hernandez, I would not have raised as an issues the assignment of criminal history points to the misdemeanor conviction Mr. Hernandez-Hernandez raises in his § 2255 motion and memorandum for the reasons stated below.  (Document 75).

Also included in the affidavits are reasons why each attorney did not raise the issue of the one point enhancement from Hernandez's previous conviction.  Khalil stats in his affidavit:

I did not raise as an issue the assignment of one criminal history point to Mr. Hernandez-Hernandez's 2000 misdemeanor conviction in Brownsville Division of the United States District Court for the Southern District of Texas.  There was no basis to raise such an issue.  Although the Pre-sentence investigation report indicated that the Probation office had not been able to determine whether Mr. Hernandez-Hernandez was represented by counsel in that misdemeanor case, Mr. Hernandez-Hernandez was in fact represented by counsel at those proceedings in Brownsville.  The Judgment of the Magistrate Court in that case established that Mr. Hernandez-Hernandez was represented by counsel appointed under the Criminal Justice Act.  (Document No. 75).

Similarly, Herman states in his affidavit:

I did not raise as an issue for appeal the assignment of one criminal history point to Mr. Hernandez-Hernandez's 2000 misdemeanor conviction in the Brownsville Division of the United States District Court for the Southern District of Texas because there was no basis in the record on appeal to raise such an issue.  Although the Pre-Sentence Investigation report indicated that the Probation office had not been able to determine whether Mr. Hernandez-Hernandez was represented by counsel in that misdemeanor case, there was no objection presented to the district court and no evidence presented concerning whether any waiver of counsel was constitutionally insufficient.  Under Iowa v. Tovar, 541 U.S. 77, 92-93 (2004) it is the defendant's burden to show that a waiver of counsel is constitutionally insufficient.  In this case the defendant, Mr. Hernandez-Hernandez, had not met that burden, and, consequently, had failed to establish a basis in the record on which error could be claimed.

Counsel representing Mr. Hernandez-Hernandez in the district court and I were precluded from raising a challenge to the assessment of criminal history points with respect to that conviction because Mr. Hernandez-Hernandez was in fact represented by counsel at those proceedings in Brownsville.  The Judgment of the Magistrate Court in that case established that Mr. Hernandez-Hernandez was represented by counsel appointed under the Criminal Justice Act.  See, Exhibit A (attached).  (Document 75).

8

In *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999), the Fifth Circuit made it clear that the law does not require appellate counsel to raise every possible non-frivolous claim on appeal. In addition, although appellate counsel may be required to follow specific instructions from a defendant regarding the filing of an appeal, counsel is not required to discuss with the defendant every specific non-frivolous claim.  Rather, as *Roe* states:

> If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal…If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

> *             *             *

> We…hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.   In making this determination, court must take into account all the information counsel knew or should have known.  *Roe v. Flores-Ortega*, 528 U.S. at 478-480.

Here, given defense and appellate counsel's unrefuted statements in their affidavits, that (1) defense counsel consulted with his client about his appeal, (2) counsel filed a notice of appeal, (3) appellate counsel did inform Hernandez of his claims on appeal, (4) appellate counsel reasonably believed he was not required to discuss specific issues to be addressed on appeal, and (5) he had compelling reasons not to address the one-point enhancement on appeal; and given the fact that Hernandez  received an opportunity from appellate counsel to ask questions regarding his appeal, and to this date has not filed a response to the Government's Motion to Dismiss, upon

9

the record, appellate counsel acted neither unprofessionally nor unreasonably.  Therefore, this ineffectiveness claim fails.

10

**B.      Hernandez's Second Claim – Failure to Investigate One-Point Enhancement**

In his next claim, Hernandez complains that appellate counsel was ineffective for failing to investigate and appeal the one-point enhancement in his Criminal History Category, which was based on a prior misdemeanor conviction to which Hernandez pled guilty and was sentenced.  Hernandez argues that he was not represented by counsel in the prior conviction, thus making his conviction invalid for the purposes of calculating his Criminal History Category.

Hernandez's second claim relies on two assertions.  First, Hernandez argues that he did not have representation in the prior proceeding which negates the one-point enhancement; and second, assuming his first allegation is true, Hernandez argues that the attorney was required to investigate and appeal that issue before the Fifth Circuit.   Here, Hernandez has failed to provide sufficient evidence of either assertion.   First, the Government has responded to Hernandez's claim that he lacked representation in the prior conviction through the document referred to as Exhibit 1 of the Government's Motion to Dismiss.  Exhibit 1 is a copy of a Judgment, signed by U.S. Magistrate Judge Felix Recio, indicating that Hernandez appeared in person and with counsel, Jodi Goodwin,  a CJA Panel Attorney.  Hernandez has submitted no response to the Government's exhibit.   The Government record, presumed correct, speaks for itself and evidences that Hernandez had counsel in connection with his misdemeanor conviction.  In the absence of any proof to the contrary, counsel in this case had no basis for objecting to the enhancement.  Therefore, Hernandez's second ineffectiveness claim also fails.

11

## IV.    Conclusion and Recommendation

Based on the foregoing, the conclusion that Hernandez is not entitled to any relief on his ineffective assistance of counsel claims, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (duplicate Document Nos. 74 & 75) be GRANTED, that Movant Carlo's Hernandez-Hernandez's Motion to Vacate, Set Aside or Correct Sentence (Document No. 67) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 7th  day of July, 2008.


Frances H. Stacy
United States Magistrate Judge